**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ANDREW LIGHTELL                                    CIVIL ACTION

VERSUS                                             NO. 25-2365

CVS PHARMACY INC., ET AL.                          SECTION: D(4)

<u>**ORDER AND REASONS**</u>

For the reasons that follow, the Court *sua sponte* **REMANDS** the action to state court for lack of subject-matter jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Andrew Lightell filed suit in state court against Defendants regarding an August 10, 2025 incident at a CVS Pharmacy on Airline Drive in Metairie, in which he alleges that "he tripped and fell over a crate sticking out of the aisle believed to be used for stocking" due to Defendants' negligence.[1]

On November 21, 2025, Defendants removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. §1332.[2] Defendants state in the Notice of Removal that "removal is proper because the amount in controversy exceeds $75,000.00, exclusive of interest and costs" and that "Plaintiff's petition makes apparent, by a preponderance, that the amount in controversy here does meet the statutory threshold required for removal jurisdiction" because Plaintiff alleges that he suffered "severe and disabling injuries with damages including categories of: past/present/future mental and physical pain and suffering; past/present/future

---

[1] R. Doc. 2-1 at p. 2.
[2] R. Doc. 2.

medical expenses; past/present/future pain, suffering/mental anguish and emotional distress; permanent damage and disability; and past/future disfigurement."[3]

The Court held a telephone status conference with the parties on April 21, 2026.[4] In the conference, the Court discussed whether it had jurisdiction over the action as it appeared that the Defendants "have failed to show that the amount in controversy is met."[5] The Court noted:

> Defendants assert that it is facially apparent from the state court Petition for Damages that the amount in controversy exceeds $75,000 based upon the categories of damages sought by the Plaintiff, as well as the fact that Plaintiff claims that he sustained severe and disabling injuries. While Plaintiff seeks several categories of damages in his Petition Defendant has provided no information regarding Plaintiff's injuries, the medical treatment Plaintiff has obtained, or the amount in controversy related to Plaintiff's alleged damages at the time of removal.[6]

The Court held that because "[p]roper information regarding the amount in controversy is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court," Defendant would have fourteen days to file a comprehensive amended notice of removal "properly setting forth the citizenship particulars of all of the parties and alleging sufficient facts to show the amount in controversy was satisfied at the time of removal, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)."[7]

---

[3] R. Doc. 2 at ¶ 13.
[4] R. Doc. 19.
[5] *Id*. at p. 1.
[6] *Id*. at pp. 1-2 (citation modified).
[7] *Id*. at p. 2 (emphasis in original).

In response to the Court's order, Defendants filed the present Notice.[8] Defendants state that "[a]fter careful review, Defendants conclude that **at this time** the amount in controversy does not meet the jurisdictional threshold."[9] Defendants explain that "[a]t the time of removal, Defendants made a good faith assessment based on the allegations in Plaintiff's Petition" and that despite efforts to agree to a stipulation as to the amount of damages with Plaintiff, "no response was received."[10]

## II.    LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction.[11]  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12] When original jurisdiction is based on diversity of citizenship, as it is here, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13] The removing party who seeks the federal forum has the burden of establishing federal jurisdiction over the action.[14] The removal statute is strictly construed and any doubt as to the propriety of removal should be

---

[8] R. Doc. 20.

[9] *Id*. (emphasis in original); Defendants note "that this position is made without wavier of Defendants' right to remove this matter in the future should additional information arise demonstrating the amount in controversy requirement is satisfied." *Id*. at p. 1.

[10] *Id*. To be clear, there has been no allegation of bad faith on the part of the removing defendants, nor has the Court seen any bad faith.

[11] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).

[12] 28 U.S.C. § 1441(a).

[13] 28 U.S.C. § 1332(a)–(a)(1).

[14] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

resolved in favor of remand.[15]  Remand is proper if at any time the court lacks subject matter jurisdiction.[16]

After its review of the record, Defendants' notice, and the applicable law, the Court finds that it lacks subject-matter jurisdiction over the action. Defendants have not met their burden to establish this Court's jurisdiction under 28 U.S.C. §1332 that the amount in controversy exceeds $75,000, exclusive of interest and costs. For that reason, and because any doubt as to the propriety of removal must be resolved in favor of remand, the Court must remand the action.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court in the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, May 12, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[16] *See* 28 U.S.C. § 1447(c).